UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
THOMAS GESUALDI, LOUIS BISIGNANO,
DOMINICK MARROCCO, ANTHONY PIROZZI,
JOSEPH A. FERRARA, SR., FRANK H.
FINKEL, MARC HERBST, DENISE
RICHARDSON, THOMAS F. CORBETT, and          MEMORANDUM & ORDER
ANTHONY D'AQUILA, as Trustees and           11-CV-5937(JS)(ARL)
Fiduciaries of the Local 282
Welfare Trust Fund, the Local 282
Pension Trust Fund, the Local 282
Annuity Trust Fund, the Local 282
Job Training Trust Fund, and the
Local 282 Vacation and Sick Leave
Trust Fund,

                        Plaintiffs,

        -against-

SPECIALTY FLOORING SYSTEMS, INC.,

                        Defendant.
----------------------------------------X
APPEARANCES
For Plaintiffs:         Jonathan Michael Bardavid, Esq.
                        Trivella & Forte, LLP
                        1311 Mamaroneck Avenue, Suite 170
                        White Plains, NY 10605

For Defendant:          No appearances.

SEYBERT, District Judge:

        Pending before the Court is Magistrate Judge Arlene R.

Lindsay's Report and Recommendation ("R&R"), issued on October

9, 2012.  For the following reasons, the Court ADOPTS this R&R

in its entirety.

Plaintiffs Thomas Gesualdi, Louis Bisignano, Dominick Marrocco, Anthony Pirozzi, Joseph A. Ferrara Sr., Frank H. Finkel, Marc Herbst, Denise Richardson, Thomas F. Corbett, and Anthony D'Aquila (collectively "Plaintiffs"), as Trustees and fiduciaries of the Local 282 Welfare, Pension, Annuity, Job Training Trust, Vacation and Sick Leave Trust Funds (the "Funds") commenced this lawsuit on December 6, 2011 against Defendant Specialty Flooring Systems, Inc. ("Defendant") for violations of the Employee Retirement Income Security Act of 1974 ("ERISA") and the Labor Management Relations Act ("LMRA").

On December 12, 2011, Plaintiffs filed an Affidavit of Service, affirming that Defendant was served by personal service upon Michelle Velardi, the managing agent of Defendant, on December 8, 2011. (Docket Entry 2.) Defendants did not answer, and on January 10, 2012, Plaintiffs requested a Certificate of Default. (Docket Entry 3.) The Clerk of the Court certified the Defendant's default on January 11, 2012. (Docket Entry 4.) On April 4, 2012, Plaintiffs moved for a default judgment and attorney's fees (Docket Entry 5).

Judge Lindsay's R&R recommends that the Court grant default judgment but that an award of damages be denied with leave to renew because Plaintiffs have not provided sufficient documentary evidence to provide the basis for an award. The

Trust Agreement provides that "[i]n the event the Employer fails to submit the required reports . . . the Trustees, or their agents, may compute the sum due for any month by adding 10 percent to the number of hours for the month in which the largest number of hours were reported in the previous twelve reports submitted by the Employer . . ." Hurtado Suppl. Decl. ¶ 13, Trust Agreement, Art. IX, Section 1(e). Plaintiffs, however, have calculated damages based on the last twelve positive reports, and have not provided the Court with a complete set of Defendant's previous twelve months of reports.

The R&R further notes that, since the damages calculations are based in large part on the 2011 estimate, which the Court cannot determine is appropriate without a complete set of remittance reports, Plaintiffs' award for damages are denied without prejudice to renewal thereof upon submission of affidavits and/or the additional documentation needed to verify the request.

## DISCUSSION

In reviewing an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). If no timely objections have been made, the "court need only satisfy itself that there is no clear error on the face of the record." Urena v. New York, 160 F. Supp. 2d

606, 609-10 (S.D.N.Y. 2001) (internal quotation marks and citation omitted).

Objections were due within fourteen (14) days of the date of the R&R. The time for filing objections has expired, and no party has objected. Accordingly, all objections are hereby deemed to have been waived.

Upon careful review and consideration, the Court finds Judge Lindsay's R&R to be comprehensive, well-reasoned and free of clear error, and it ADOPTS the R&R in its entirety.

<u>CONCLUSION</u>

Judge Lindsay's R&R is ADOPTED in its entirety and Plaintiffs' motion for a default judgment is GRANTED.

Plaintiffs may re-file a motion for damages and attorneys' fees, with the appropriate documentation needed to verify the requested award, on or before February 4, 2013.

In accordance with Judge Lindsay's R&R, Defendant shall submit, on or before January 18, 2013, remittance reports from January 2011 through January 2012. If Defendant fails to do so, Plaintiffs shall calculate damages pursuant to the Trust Agreement, and include any said request in their renewed motion for damages.

Plaintiffs shall serve a copy of this Memorandum and Order on Defendant and file an Affidavit of Service with the Court, on or before January 11, 2013.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:    January 7, 2013
          Central Islip, New York