UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
THOMAS GESUALDI, LOUIS BISIGNANO,
DOMINICK MARROCCO, ANTHONY PIROZZI,
JOSEPH A. FERRARA, SR., FRANK H.
FINKEL, MARC HERBST, DENISE
RICHARDSON, THOMAS F. CORBETT, and  MEMORANDUM & ORDER
ANTHONY D'AQUILA, as Trustees and   11-CV-5937(JS)(ARL)
Fiduciaries of the Local 282
Welfare Trust Fund, the Local 282
Pension Trust Fund, the Local 282
Annuity Trust Fund, the Local 282
Job Training Trust Fund, and the
Local 282 Vacation and Sick Leave
Trust Fund,

        Plaintiffs,

  -against-

SPECIALTY FLOORING SYSTEMS, INC.,

        Defendant.
----------------------------------------X
APPEARANCES
For Plaintiffs:   Jonathan Michael Bardavid, Esq.
        Trivella & Forte, LLP
        1311 Mamaroneck Avenue, Suite 170
        White Plains, NY 10605

For Defendant:   No appearances.

SEYBERT, District Judge:

    Plaintiffs Thomas Gesualdi, Louis Bisignano, Dominick Marrocco, Anthony Pirozzi, Joseph A. Ferrara, Sr., Frank H. Finkel, Marc Herbst, Denise Richardson, Thomas F. Corbett, and Anthony D'Aquila (collectively "Plaintiffs"), as Trustees and fiduciaries of the Local 282 Welfare, Pension, Annuity, Job Training Trust, Vacation and Sick Leave Trust Funds ("the

Funds") commenced this action against Defendant Specialty Flooring Systems, Inc. ("Defendant") on December 6, 2011 for violations of the Employees Retirement Income Security Act of 1974, 29 U.S.C. § 1001, et seq. ("ERISA") and the Labor Management Relations Act of 1947, 29 U.S.C. § 141, et seq. ("LMRA"). Currently pending before the Court is Plaintiffs' letter motion for damages (Docket Entry 27) and Magistrate Judge Arlene R. Lindsay's Report and Recommendation ("R&R") regarding the aforesaid motion (Docket Entry 30) to which Plaintiffs have partially objected. For the foregoing reasons, Plaintiffs' motion is GRANTED IN PART and ruling is DEFERRED IN PART and Judge Lindsay's R&R is ADOPTED IN PART and REJECTED IN PART.

BACKGROUND

Plaintiffs served the Summons and Complaint on Defendant on December 8, 2011. (See Docket Entry 2.) On January 10, 2012, Plaintiffs sought a Certificate of Default (Docket Entry 3), which the Clerk of the Court issued the following day (Docket Entry 4). Plaintiffs then moved for a default judgment (Docket Entry 5), and the Court referred the motion to Judge Lindsay for an R&R (Docket Entry 12). On October 9, 2012, Judge Lindsay issued her R&R recommending that the default judgment be entered but that an award of damages be denied with leave to renew. (10/9/12 R&R, Docket Entry 18, at 1.) Judge Lindsay found that "[t]he facts support[ed] a finding

that the defendant violated the Agreements as well as ERISA" and she therefore recommended that a default judgment be entered. (10/9/12 R&R at 4.) She also determined that Defendant had not submitted remittance reports from January 2011 through January 2012, as required, and recommended that Defendant be ordered to submit such reports. (10/9/12 R&R at 5.)

The R&R went on, however, to recommend "that the balance of the plaintiffs' requests for damages be denied . . . because the documentary evidence submitted by the plaintiffs does not provide the basis for an award." (10/9/12 R&R at 5.) Judge Lindsay came to this conclusion because Plaintiffs had calculated their $97,870.87 estimate based on the last twelve positive remittance reports, rather than the previous twelve months of reports, regardless of whether they were positive or negative. (10/9/12 R&R at 5.) "Specifically, counsel estimated the contributions due for 2011 based on the defendant's May 2009 and June 2008 reports, which reflected 153.5 and 1,471 hours of covered employment respectively. However, there is no indication that the defendant stopped submitting remittance reports until January 2011." (10/9/12 R&R at 5-6.)

No objections were received and the Court adopted Judge Lindsay's R&R on January 7, 2013. (See Docket Entry 23.) On January 28, 2013, Plaintiffs submitted the pending motion for damages, primarily relying upon their prior submissions. (Pls.'

3

Ltr. Mot., Docket Entry 27.) Plaintiffs' motion admits that the Defendant submitted remittance reports indicating zero hours for the period of January through December 2010. (Pls.' Ltr. Mot. at 1-2.) Accordingly, Plaintiffs concede that, currently, they are not entitled to a definitive monetary award for the period of January 2011 through January 2012. (Pls.' Ltr. Mot. at 2.) However, they request that the Court order Defendant to submit to an audit for that period. (Pls.' Ltr. Mot. at 2.)

Plaintiffs also request damages, based, in part, on five separate audits, in the following amounts: (1) $9,275.23 for audited contribution deficiencies for the periods from September 26, 2005 through October 31, 2006 (Audit #07-0775), November 1, 2006 through June 30, 2007 (Audit #08-0424 and #08-0425-R1), and July 1, 2007 through June 30, 2008 (Audit #09-0403 and #09-040); (2) $9,242.42 plus $4.56 per diem in interest from June 4, 2012 for interest on the audits and late paid contributions for July 2008, May 2009, and June 2009; (3) $9,290.75 plus $4.56 in per diem liquidated damages from June 4, 2012 for liquidated damages on the audits and late paid contributions from July 2008, May 2009, and June 2009; (4) $5,849.80 in audit fees; and (5) $19,711.33 in attorneys' fees and costs. (Pls.' Ltr. Mot. at 2.)

DISCUSSION

Judge Lindsay's R&R provides an analysis of damages for each of the five audits. <u>First</u>, she recommends that Plaintiffs be awarded delinquent contributions in the amount of $651.86 in delinquent contributions for Audit #08-0424 and interest on the unpaid contributions for this audit in the amount of $110.45 through March 12, 2008 plus accrued interest until the date of payment. (6/6/13 R&R at 7, 11-12.) She further recommends that Plaintiffs be awarded liquidated damages of $130.17 and audit fees of $596.70 for this audit. (6/6/13 R&R at 13-14.) Plaintiffs have not objected to any of these recommendations.

<u>Second</u>, for three of the audits--namely Audit #08-0425-RI, Audit #09-403, and Audit #09-404--Judge Lindsay determined that there was no basis to determine the appropriate amount of damages, and therefore recommended denying Plaintiffs' requests for unpaid contributions, interest, liquidated damages, and audit fees with leave to renew upon Plaintiffs' submission of the appropriate documentation. Plaintiffs have objected to these recommendations.

<u>Third</u>, for Audit #07-0775 Judge Lindsay recommends awarding Plaintiffs $1,524.78 in delinquent contributions and $1,015.60 in audit fees. (6/6/13 R&R at 6, 14.) Plaintiffs do not object. However, she also found that "the documentation for

5

the calculation of interest on the unpaid contributions reported in Audit #07-0775 is deficient and does not provide a basis for the amount of interest sought." (6/6/13 R&R at 11.) Accordingly, she recommends denying Plaintiffs' request for interest based upon this audit as well as liquidated damages in this regard with leave to renew. Plaintiffs have objected to this recommendation.

Fourth, Judge Lindsay recommends that Plaintiffs be awarded a total of $1,088.95 in interest on late paid contributions for the months of July 2008, May 2009, and June 2009 (6/6/13 R&R at 12), to which Plaintiffs do not object.

Fifth, she recommends that the Court issue an order "directing defendants to permit and cooperate in an audit of its books and records and to furnish to the Funds information, books, records and reports . . . so that the plaintiffs may . . . ascertain if there were any delinquent contributions owed . . . for the period January 2011 through January 2012." (6/6/13 R&R at 9.) She further recommends "that if defendant fails to permit an audit, plaintiffs shall calculate damages, if any, pursuant to the Trust Agreement." (6/6/13 R&R at 10.) Again, Plaintiffs do not object to the R&R in this regard.

Finally, Judge Lindsay also recommended that Plaintiffs be awarded attorneys' fees and costs in a total

6

amount of $17,254.83. (6/6/13 R&R at 18-20.) Plaintiffs do not object to the R&R as to these recommendations.

The Court will first address the standard of review before addressing the recommendations and Plaintiffs' objections.

I. Standard of Review

"When evaluating the report and recommendation of a magistrate judge, the district court may adopt those portions of the report to which no objections have been made and which are not facially erroneous." Walker v. Vaughan, 216 F. Supp. 2d 290, 291 (S.D.N.Y. 2002) (citation omitted). A party may serve and file specific, written objections to a magistrate's report and recommendation within fourteen days of receiving the recommended disposition. See Fed. R. Civ. P. 72(b)(2). Upon receiving any timely objections to the magistrate's recommendation, the district "court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); see also Fed. R. Civ. P. 72(b). A party that objects to a report and recommendation must point out the specific portions of the report and recommendation to which they object. See Barratt v. Joie, No. 96-CV-0324, 2002 WL 335014, at *1 (S.D.N.Y. Mar. 4, 2002) (citations omitted).

7

When a party raises an objection to a magistrate judge's report, the Court must conduct a de novo review of any contested sections of the report. See Pizarro v. Bartlett, 776 F. Supp. 815, 817 (S.D.N.Y. 1991). But if a party "makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error." Pall Corp. v. Entegris, Inc., 249 F.R.D. 48, 51 (E.D.N.Y. 2008) (internal quotation marks and citation omitted). Furthermore, even in a de novo review of a party's specific objections, the Court ordinarily will not consider "arguments, case law and/or evidentiary material which could have been, but [were] not, presented to the magistrate judge in the first instance." Kennedy v. Adamo, No. 02-CV-1776, 2006 WL 3704784, at *1 (E.D.N.Y. Sept. 1, 2006) (internal quotation marks and citation omitted).

II. Recommendations and Objections

As previously noted, Plaintiffs do not object to a number of Judge Lindsay's recommendations. Specifically, Plaintiffs do not object to Judge Lindsay's recommendations regarding Audit #08-0424; delinquent contributions and audit fees as to Audit #07-0775; interest on late paid contributions for the months of July 2008, May 2009, and June 2009; the entry of an Order directing Defendant to submit to an audit for the period of January 2011 through January 2012; and attorneys' fees

8

and costs. The Court has carefully reviewed and considered these recommendations and, finding them to be well-reasoned and free of clear error, ADOPTS Judge Lindsay's R&R in these respects. Accordingly, Plaintiff's motion is GRANTED insofar as it seeks the aforementioned damages.

A. <u>Audit #08-0425-RI</u>

Thus, the Court turns to those portions of the R&R to which Plaintiffs object, beginning with an analysis of Audit #08-0425-RI. Judge Lindsay found that there was no basis upon which to determine the appropriate amount of damages for the period covered by Audit #08-0425-RI and therefore recommended that Plaintiffs' request for damages in this regard be denied with leave to renew. (6/6/13 R&R at 7.) In making this determination, she stated that "although the Declaration of Ken Jones states that the payroll audit report that was issued on January 31, 2011 for Audit #08-0425-RI reflects that $1,447.24 is due and owing, the underlying report attached as an Exhibit C is dated March 15, 2008, refers to Audit #08-0425, and does not reflect this amount." (6/6/13 R&R at 7 (internal citation omitted).) In addition, and based upon this recommendation, Judge Lindsay also recommends that interest, liquidated damages, and audit fees be denied with leave to renew.

Plaintiffs object to these recommendations because, they argue, they adequately supported their request for

delinquent contributions, as the relevant audit is annexed as Exhibit C to the Declaration of Theresa Cody, dated March 30, 2012. (Pls.' Ob. Br., Docket Entry 33, at 2-3.) Thus, while Judge Lindsay correctly determined that the auditor, Ken Jones, did not attach Audit #08-0425-RI to his Declaration, Plaintiffs did provide Audit #08-0425-RI as an attachment to the Cody Declaration. A review of the docket reveals that the Cody Declaration, filed as Docket Entry 7, indeed attaches the audit report for Audit #08-0425-RI as Exhibit C. (See Cody Decl. ¶ 26 & Ex. C.) Accordingly, Plaintiffs' objections in this regard are SUSTAINED and the R&R is REJECTED insofar as it denied Plaintiffs' damages for delinquent contributions, interest, liquidated damages, and audit fees for Audit #08-0425-RI because Plaintiffs did not provide the audit report. Plaintiffs' motion for damages is thus again REFERRED to Judge Lindsay for a calculation of damages in this respect and ruling is DEFERRED in this regard.

### B. Audit #09-403 and Audit #09-404

For the period July 1, 2007 through June 30, 2008, two audits were conducted--Audit #09-403 and Audit #09-404. As to these two audits, Judge Lindsay determined that the amounts reflected in the audits far exceeded the amounts that Plaintiffs requested in their Complaint and in their supplemental letter dated January 22, 2013. (6/6/13 R&R at 8.) For example, the

10

payroll audit report for Audit #09-403 reflects that $4,675.68 is due and owing, but Plaintiffs request $338.65 pursuant to this audit. Similarly, Audit #09-404 reflects that $23,700.18 is due and owing, but Plaintiffs request $5,293.50 for this audit. Accordingly, Judge Lindsay found that there was no basis upon which to determine the appropriate amount of damages, if any, for this time period and recommends that Plaintiffs' motion for an award of damages based on Audit #09-403 and Audit #09-404 be denied without prejudice to renewal. (6/6/13 R&R at 8.) As with Audit #08-0425-RI, she also recommends that interest, liquidated damages, and audit fees for Audit #09-403 and Audit #09-404 be denied given that the documentation for the requested damages was lacking.

Plaintiffs maintain that the differences in the audit reports were explained in the Cody Declaration. Specifically, they argue that the Cody Declaration explains that Defendant was entitled to a credit of $4,337.03 on Audit #09-403, leaving a balance of $338.65. (Pls.' Ob. Br. at 3.) In addition, they assert that the Cody Declaration states that the Funds Office reviewed Audit #09-404 and determined that Defendant was entitled to a credit of $18,406.68, leaving $5,293.50 still owed. (Pls.' Ob. Br. at 3-4.)

Once, again, the Court has reviewed the docket and the Cody Declaration and finds that Plaintiffs' representations are

indeed accurate. Ms. Cody's Declaration contains a section entitled "Adjustments," in which she explains that "the Trust Agreement allows the Funds to adjust the amounts due for audited deficiencies based on records of an employer's account balance with the Funds." (Cody Decl. ¶ 20 (citing Puccio Decl. Ex. A (Trust Agreement), Art. IX, Sec. 2, at 30).) She goes on to define the specific amounts for which the Funds Office credited Defendant for each of the two audits. (Cody Decl. ¶¶ 22-24.) Judge Lindsay's R&R does not discuss these adjustments nor does it make any reference to the Cody Declaration in finding that the documentary evidence proffered by Plaintiffs failed to support their requested award for delinquent contributions for this time period. (See 6/6/13 R&R at 7-8.)

Accordingly, Plaintiffs' objections in this regard are SUSTAINED and the R&R is REJECTED insofar as it denied Plaintiffs' damages for delinquent contributions, interest, liquidated damages, and audit fees for Audit #09-403 and Audit #09-404 because Plaintiffs did not provide proper documentary evidence. Plaintiffs' motion for damages is thus REFERRED to Judge Lindsay for a calculation of damages in this respect and a ruling on Plaintiffs' motion for damages is DEFERRED in this regard.

C. <u>Audit #07-0775</u>

Plaintiffs also object to particular recommendations regarding Audit #07-0775. Judge Lindsay found that "the documentation for the calculation of interest on the unpaid contributions reported in Audit #07-0775 is deficient and does not provide a basis for the amount of interest sought." (6/6/13 R&R at 11.) She made this determination because the Jones Declaration refers to Exhibit B at pages 7 to 8 as support for the amount of interest that Plaintiffs seek for this audit, but that exhibit refers to a different audit and a different time period. Given that interest cannot be calculated, she also recommends that liquidated damages be denied with leave to renew. (6/6/13 R&R at 12-13.)

Plaintiffs concede that the Jones Declaration cites to the incorrect exhibit, but maintain that they have provided the correct audit and intended to cite to Exhibit A of the Jones Declaration rather than Exhibit C. (Pls.' Ob. Br. at 4.) Plaintiffs further maintain that Ms. Cody's Declaration explains and updates the interest and liquidated damages calculations for Audit #07-0775. (Pls.' Ob. Br. at 4.)

The Jones Declaration attaches the audit report for Audit #07-0775 as Exhibit A. Furthermore, the Cody Declaration explains that "[f]or Audit #07-0775, interest as calculated through March 12, 2008 equals $533.27." (Cody Decl. ¶ 29.) As

13

interest continues to accrue, the Declaration further provides that "[t]he additional interest due for this period equals $1,125.84. Therefore, the total interest due for Audit #07-0775 equals $1,659.11." (Cody Decl. ¶ 29.) Again, Judge Lindsay's R&R neither references the audit report at Exhibit A to the Jones Declaration or the relevant portions of the Cody Declaration in finding that Plaintiffs had not adequately supported their request for interest and liquidated damages on Audit #07-0775. (See 6/6/13 R&R at 11.) Accordingly, Plaintiffs' objections are SUSTAINED and the R&R is REJECTED insofar as it recommends denying interest and liquidated damages as to Audit #07-0775 because Plaintiffs did not provide a sufficient basis for the amounts sought. Plaintiffs' motion for damages is thus REFERRED to Judge Lindsay for a calculation of damages in this respect and a ruling on Plaintiffs' motion for damages is DEFERRED in this regard.

CONCLUSION

For the foregoing reasons, Judge Lindsay's R&R is ADOPTED and Plaintiffs' motion for damages is GRANTED in the following respects: (1) delinquent contributions, liquidated damages, and audit fees as to Audit #08-0424 for a total of $1,378.73 as well as interest of $110.45 through March 12, 2008 plus accrued interest until payment; (2) delinquent contributions and audit fees as to Audit #07-0775 for a total of

$2,540.38; (3) interest on late paid contributions for the months of July 2008, May 2009, and June 2009 for a total of $1,088.95; (4) an Order directing Defendant to submit to an audit for the period of January 2011 through January 2012; and (5) attorneys' fees and costs in the total amount of $17,254.83. Accordingly, Plaintiffs are GRANTED damages in the aforementioned amounts and Defendant is ORDERED to submit to an audit for the period of January 2011 through January 2012.

In all other respects, however, Plaintiffs' objections are SUSTAINED and Judge Lindsay's R&R is REJECTED. Plaintiffs' motion is therefore REFERRED back to Judge Lindsay for a calculation of damages regarding: (1) delinquent contributions, interest, liquidated damages, and audit fees for Audit #08-0425-RI, Audit #09-403, and Audit #09-404; and (2) interest and liquidated damages for Audit #07-0775. Thus, a ruling on those portions of Plaintiffs' motion for damages is DEFERRED.

SO ORDERED.

/s/JOANNA SEYBERT_____
Joanna Seybert, U.S.D.J.

Dated: September 27, 2013
       Central Islip, New York