```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
THOMAS GESUALDI, LOUIS BISIGNANO,
DOMINICK MARROCCO, ANTHONY PIROZZI,
JOSEPH A. FERRARA, SR., FRANK H.
FINKEL, MARC HERBST, DENISE
RICHARDSON, THOMAS F. CORBETT,              MEMORANDUM & ORDER
ANTHONY D'AQUILA, as Trustees and           13-CV-5937(JS)(ARL)
Fiduciaries of the Local 282
Welfare Trust Fund, the Local 282
Pension Trust Fund, the Local 282
Annuity Trust Fund, the Local 282
Job Training Trust Fund, and the
Local 282 Vacation and Sick Leave
Trust Fund,

                    Plaintiffs,

          -against-

SPECIALTY FLOORING SYSTEMS, INC.,

                    Defendant.
----------------------------------------X
APPEARANCES
For Plaintiffs:    Jonathan Michael Bardavid, Esq.
                   Trivella & Forte, LLP
                   1311 Mamaroneck Avenue, Suite 170
                   White Plains, NY 10605

For Defendant:     No appearances.
```

SEYBERT, District Judge:

    Currently pending before the Court is Magistrate Judge Arlene R. Lindsay's Report and Recommendation ("R&R") regarding a request for damages by plaintiffs Thomas Gesualdi, Louis Bisignano, Dominick Marrocco, Anthony Pirozzi, Joseph A. Ferrara, Sr., Frank H. Finkel, Marc Herbst, Denise Richardson, Thomas F. Corbett, and Anthony D'Aquila, as Trustees and

fiduciaries of the Local 282 Welfare, Pension, Annuity, Job Training Trust, Vacation, and Sick Leave Funds ("Plaintiffs"). For the following reasons, the Court ADOPTS this R&R in its entirety with one minor clarification.

BACKGROUND

The Court presumes familiarity with the factual background of this case, which is detailed in the Court's September 27, 2013 Memorandum and Order (the "September 2013 Order," Docket Entry 34) and Judge Lindsay's currently pending R&R. Briefly, Plaintiffs previously sought a default judgment against defendant Specialty Flooring Systems, Inc. ("Defendant"). The undersigned referred that motion for default, and Judge Lindsay issued a prior R&R on June 6, 2013 (the "June 2013 R&R," Docket Entry 30). (See Sept. 2013 Order at 2.)

The June 2013 R&R addressed damages for each of five audits. (See Sept. 2013 Order at 5-7.) Plaintiffs did not object to a number of Judge Lindsay's findings and recommendations regarding certain audits, and this Court adopted the R&R in those respects in the September 2013 Order. Plaintiffs did object to the June 2013 R&R as it pertained to certain other audits, however.

For example, as to Audit #08-0425-RI, Judge Lindsay found that there was no basis upon which to determine the

appropriate amount of damages for the period covered by the audit and therefore recommended that Plaintiffs' request for damages in this regard be denied with leave to renew. (See Sept. 2013 Order at 9 (citing June 2013 R&R at 7).) She also recommended that interest, liquidated damages, and audit fees be denied with leave to renew. (Sept. 2013 Order at 9.) Following objections, this Court agreed with Plaintiffs that the necessary documentation had been provided. (Sept. 2013 Order at 10.) Accordingly, the Court rejected the June 2013 R&R insofar as it denied Plaintiffs' damages for delinquent contributions, interest, liquidated damages, and audit fees for Audit #08-0425-RI and referred the matter back to Judge Lindsay for a proper calculation of damages. (Sept. 2013 Order at 10.)

As to Audit #09-403 and Audit #09-404, Judge Lindsay determined that the amounts reflected in the audits exceeded the amounts that Plaintiffs requested and therefore found that there was no basis upon which to determine the appropriate amount of damages for the relevant time periods. She recommended that Palintiff's request for damages, including liquidated damages and audit fees for Audit #09-403 and Audit #09-404 be denied with leave to renew. (Sept. 2013 Order at 10-11.) Plaintiffs' objections, however, appropriately explained that the amounts they sought were offset by contributions from Defendant, as documented in accompanying declarations. (See Sept. 2013 Order

3

at 11-12.) Accordingly, the Court rejected the June 2013 R&R insofar as it denied Plaintiffs' damages for delinquent contributions, interest, liquidated damages, and audit fees for Audit #09-403 and Audit #09-404 and referred the matter back to Judge Lindsay for a calculation of damages in this regard.

Additionally, as to Audit #07-0775, Judge Lindsay found that the documentation was insufficient to provide a basis for the amount of interest sought. (Sept. 2013 Order at 13 (citing June 2013 R&R at 11).) Although Plaintiffs conceded that they had cited the incorrect exhibit in attempting to support their claim for interest on this audit, their objections did point the Court to the correct exhibit. (Sept. 2013 Order at 13.) Accordingly, the Court rejected the June 2013 R&R insofar as it recommended denying interest and liquidated damages as to Audit #07-0775 because Plaintiffs did not provide a sufficient basis for the amounts sought, and referred the matter to Judge Lindsay for a calculation of damages in this respect.

On May 28, 2014, Judge Lindsay issued her current R&R (the "May 2014 R&R," Docket Entry 35) addressing each of the aforementioned issues. The May 2014 R&R recommends that Plaintiffs be awarded damages in the amount of $26,488.05, comprising of $7,709.39 in unpaid contributions, $7,270.58 in interest on the unpaid contributions (plus accrued interest

4

until the date of payment), $7,270.58 in liquidated damages (plus accrued liquidated damages until the date of judgment), and $4,237.50 in audit fees.

Specifically, she recommends that Plaintiffs be awarded the following: (1) $1,447.24 in unpaid contributions for Audit #08-0425-RI; (2) $338.65 in unpaid contributions for Audit #09-403; (3) $5,293.50 in unpaid contributions for Audit #09-404; (4) interest on the unpaid contributions pursuant to Audit #08-0425-RI in the amount of $1,151.84 through March 12, 2012 plus accrued interest until the date of payment; (5) interest on the unpaid contributions pursuant to Audit #09-403 in the amount of $283.11 through March 12, 2012 plus accrued interest until the date of payment; (6) interest on the unpaid contributions pursuant to Audit #09-404 in the amount of $4,176.52 through March 12, 2012 plus accrued interest until the date of payment; (7) interest on the unpaid contributions pursuant to Audit #07-0775 in the amount of $1,659.11 through March 12, 2012 plus accrued interest until the date of payment; (8) $1,151.84 in liquidated damages for Audit #08-0425-RI plus accrued liquidated damages until the date of judgment; (9) $283.11 in liquidated damages for Audit #09-403 plus accrued liquidated damages until the date of judgment; (10) $4,176.52 in liquidated damages for Audit #09-404 plus accrued liquidated damages until the date of judgment; (11) $1,659.11 in liquidated damages for Audit #07-

5

0775 plus accrued liquidated damages until the date of judgment[1]; and (12) $4,237.50 in audit fees for Audit #08-0425-RI, Audit #09-403, and Audit #09-404.

## DISCUSSION

In reviewing an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). If no timely objections have been made, the "court need only satisfy itself that there is no clear error on the face of the record." Urena v. New York, 160 F. Supp. 2d 606, 609-10 (S.D.N.Y. 2001) (internal quotation marks and citation omitted).

Here, no party objected to Judge Lindsay's R&R. And the Court finds her R&R to be correct, comprehensive, well-reasoned and free of any clear error with one minor exception. Adding the amounts of $1,447.24, $338.65, and $5,293.50 for unpaid contributions equals $7,079.39, not $7,709.39. Accordingly, the Court ADOPTS it in its entirety, except that unpaid contributions shall be awarded to Plaintiffs in the amount of $7,079.39.

---

[1] The May 2014 R&R appears to mistakenly exclude a specific reference to this amount, although Judge Lindsay seems to have included it in her overall recommendation for liquidated damages.

## CONCLUSION

Judge Lindsay's R&R is ADOPTED in its entirety with one minor clarification, and Plaintiffs' motion for default is GRANTED. Plaintiffs are hereby awarded a judgment against Defendant in the amount of $25,858.05, comprising of $7,079.39 in unpaid contributions, $7,270.58 in interest on the unpaid contributions (plus accrued interest until the date of payment), $7,270.58 in liquidated damages (plus accrued liquidated damages until the date of judgment), and $4,237.50 in audit fees.

The Clerk of the Court is directed to enter a Judgment consistent with this Memorandum and Order and to mark this matter CLOSED.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: September  3 , 2014
       Central Islip, NY

7